UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PEARSON, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:22-cv-1530-SDM-AEP

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    After Tropical Storm Eta damaged Rachel Pearson's home, Pearson and her insurer, Scottsdale Insurance Company, disputed whether Pearson's roof leaked from wind damage, which the policy covers, or from "expansion and contraction," which the policy excludes. Despite invoking her contractual right to appraisal, Pearson sued Scottsdale in state court before the appraisal concluded and without complying with a recently enacted pre-suit notice requirement. Scottsdale promptly removed the action to federal court and moved to dismiss for failure to comply with the pre-suit notice requirement. Before Pearson responded to the motion to dismiss, Scottsdale and Pearson stipulated to abate this action pending conclusion of the appraisal, which awarded Pearson $123,545.92 and included an itemized award for the disputed damage to the roof. Scottsdale promptly paid the appraisal award.

    Pearson contends (Doc. 29) that Scottsdale's payment constitutes a "confession of judgment" entitling Pearson to an attorney's fee. Scottsdale moves (Doc. 31)

for "summary judgment" on Pearson's claim for an attorney's fee and renews the motion to dismiss for failure to comply with the pre-suit notice requirement. Each party responds (Docs. 32, 33) in opposition to the adversary's motion. Principally, the parties dispute whether the recently enacted pre-suit notice requirement applies "retroactively," which, as the parties use the term, means whether the requirement applies to a policy issued before the requirement became effective.

Enacted June 11, 2021, and effective July 1, 2021, Section 627.70152, Florida Statutes, among other things, requires pre-suit notice before suing "under a residential or commercial property insurance policy[.]" Specifically, subsection (3)(a) requires "as a condition precedent to filing a suit under a property insurance policy" that "a claimant must provide the [Florida Department of Financial Services] with written notice of intent to initiate litigation . . . ." The notice "must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage . . . ." If the insurer fails within ten business days to respond by accepting coverage, denying coverage, or asserting a right of inspection or appraisal, subsection (4) authorizes the insured to sue. Subsection (4)(b), however, tolls the response deadline for a maximum of ninety days pending appraisal. If an insured sues without pre-suit notice, subsection (5) requires

dismissal without prejudice and subsection (8)(b), prohibits the award of an attorney's fee for services rendered before the dismissal.[1]

The parties' papers recognize *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873 (Fla. 2010), as the leading authority on the "retroactivity" of a pre-suit notice requirement in insurance litigation. In *Menendez*, the insurer moved to dismiss after the insured failed to comply with the pre-suit notice requirement under Florida's Motor Vehicle No-Fault Law, which requires a motor vehicle policy to cover bodily injury "without regard to fault" and guarantees a "swift and virtually automatic recovery" for the insured. Although the insurer issued the personal injury policy before the pre-suit notice requirement became effective, the insured sued without pre-suit notice after the requirement became effective. *Menendez*, 35 So. 3d at 875.

Under *Menendez*, a pre-suit notice requirement applies "retroactively" if and only if (1) the statute reveals a legislative intent for the requirement to apply "retroactively" and (2) "retroactive" application is "procedural" rather than "substantive." *Menendez*, 35 So. 3d at 877–78. After summarily concluding that the legislature intended the pre-suit notice requirement to apply "retroactively," *Menendez* holds that

---

[1] After Pearson sued, the Florida Legislature enacted Senate Bill 2A, which amends the fee statute, Section 627.428, by eliminating a prevailing insured's statutory entitlement to an attorney's fee in an action for breach of a property insurance policy. Because no statutory entitlement to a fee remains, the Florida legislature likewise struck Section 627.70152(8), which, as stated above, forfeits an insured's statutory entitlement in the absence of pre-suit notice. Under this amendment, an insured must afford pre-suit notice under a property insurance policy and has no statutory entitlement to a fee if the insured prevails. No party suggests that SB 2A applies "retroactively" to Pearson's action, and the parties assume that the 2021 version of Section 627.70152 governs this action (although Pearson protests "retroactive" applicability of Section 627.70152). This order (1) likewise assumes that SB 2A has no applicability to this action and (2) assesses only whether the version of Section 627.70152 effective when Pearson sued applies "retroactively."

the requirement is "a substantive change to the [no-fault law]" (1) because pre-suit notice impedes the right to a "swift and virtually automatic recovery" by creating a "safe period" extending the time in which an insurer can pay the claim, (2) because pre-suit notice affords the insurer the opportunity to withdraw a meritless denial of coverage and avoid paying an attorney's fee, and (3) because pre-suit notice requires the insured to "take additional steps beyond the filing of an application for [personal injury] benefits." *Menendez*, 35 So. 3d at 877–80. Accordingly, *Menendez* concludes that the pre-suit notice requirement under the no-fault law is not "procedural" but "substantive" and thus cannot apply "retroactively." *Menendez*, 35 So. 3d at 880.[2]

---

[2] A mind inclined to conceptual clarity might hesitate at the parties' and the Florida courts' use of "retroactivity" to describe a pre-suit notice requirement. As defined in *Black's Law Dictionary* (11th ed. 2019), "retroactivity" means "extending in scope or effect to matters that have occurred in the past." Even if a policy was issued "in the past," the requirement of pre-suit notice applies to any action for breach of the policy, a prospective occurrence not "in the past." Quoted by *Black's Law Dictionary* (11th ed. 2019), T.C. Hartley isolates the pertinent distinction:

> 'Retroactivity' is a term often used by lawyers but rarely defined. On analysis it soon becomes apparent, moreover, that it is used to cover at least two distinct concepts. The first, which may be called 'true retroactivity,' consists in the application of a new rule of law to an act or transaction which was completed before the rule was promulgated. The second concept, which will be referred to as 'quasi-retroactivity,' occurs when a new rule of law is applied to an act or transaction in the process of completion . . . . [T]he foundation of these concepts is the distinction between completed and pending transactions . . . ."

T.C. Hartley, *The Foundations of European Community Law* 129 (1981).

Under this formulation, Florida's pre-suit notice requirement is "quasi-retroactive" because the requirement imposes a prospective requirement (pre-suit notice) on a "pending transaction" (an insurance contract charging the insurer with a duty that the insurer has allegedly failed to perform). Of course, if a statute requiring pre-suit notice purported to subject to dismissal an action filed before the statute became effective, the statute would have "true retroactivity" (but would likely violate, among other things, the rights of due process and access to the courts). Similarly, if a statute purported to prohibit an insurer's charging a deductible to cover a certain peril (such as a broken windshield), the statute would have "true retroactivity" (but would likely amount to a constitutional impairment of contract). Neither type of retroactivity is immune from scrutiny. But a pre-suit notice requirement, which disturbs nothing within the four corners of the policy and instead imposes a prospective obligation in the event of a lawsuit, might not warrant the visceral repugnance conjured by "true retroactivity."

In her papers, Pearson marshals decisions of Florida trial courts and a federal district court, *Dozois v. Hartford Ins. Co. of the Midwest*, 595 F. Supp. 3d 1204 (M.D. Fla. 2022) (Corrigan, C.J.), which hold that under *Menendez* the pre-suit notice requirement of Section 627.70152(3)(a) is "substantive" and cannot apply "retroactively" to a property insurance policy issued before the statute's effective date. In response, Scottsdale marshals decisions of Florida trial courts and a federal district court, *Art Deco 1924 Inc. v. Scottsdale Ins. Co.*, 2022 WL 706708 (S.D. Fla. 2022) (Moreno, J.), which distinguish *Menendez* by reasoning that "retroactive" application Section 627.70152(3)(a) impairs no "substantive" right under a property insurance policy.

After the parties' briefing, *Cole v. Universal Property & Casualty Insurance Co.*, --- So. 3d ----, 2023 WL 3214643 (Fla. 4th DCA 2023) (Levine, J.) (petition for rehearing *en banc* pending), became the first decision of a Florida district court of appeal to analyze the "retroactivity" of Section 627.70152(3)(a).[3] Although acknowledging that *Menendez* prohibits the "retroactive" application of the pre-suit notice requirement under Florida's no-fault law, *Cole* recognizes that the no-fault law's pre-suit notice requirement also "impose[s] a penalty," "implicate[s] attorney's fees," "grant[s] an insurer additional time to pay benefits," "delay[s] the insured's right to institute a cause of action," and impedes the no-fault statute's "swift and virtually automatic" recovery. *Cole*, --- So. 3d ----, 2023 WL 3214643, at * 4. *Cole* reasons that, because

---

[3] Although *Cole* was decided two months ago, no party has filed a notice of supplemental authority or requested an opportunity to brief *Cole*.

- 5 -

subsection (3) includes none of the additional impairments contained in the no-fault law's pre-suit notice requirement and prescribes only the manner by which an insured pursues a remedy under the property insurance policy, subsection (3) is "procedural" and applies "retroactively" to require dismissal of an action filed without pre-suit notice. *Cole*, --- So. 3d ----, 2023 WL 3214643, at *3 (citing *Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991) (observing that procedure "encompass[es] the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion.")).

Although concluding that subsection (3) is "procedural," *Cole* remarks that subsection (8), which precludes an attorney's fee in the absence of pre-suit notice, impairs a "substantive" right and under *Menendez* and likely cannot apply retroactively. *Cole*, --- So. 3d ----, 2023 WL 3214643, at *4. But because the trial court in *Cole* dismissed the action before the insured could claim entitlement to a fee, *Cole* reasons that "changes to the attorney's fees provision are not an issue in this case, and as such, not relevant to our determination." *Cole*, --- So. 3d ----, 2023 WL 3214643, at *3. Relying on *Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992), *Cole* concludes that "[o]ne provision that is substantive in scope does not act as a bar to enforcement of another provision that is able to be applied retroactively." *Cole*, --- So. 3d ----, 2023 WL 3214643, at *4. Accordingly, *Cole* affirms the dismissal of the insured's action.

A federal court exercising diversity jurisdiction applies the substantive law of the forum state. *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991). "Absent a decision by the highest state court or persuasive indication that it would decide the

- 6 -

issue differently, federal courts follow decisions of intermediate appellate courts in applying state law." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000). Under *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992), however, "'[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.' Thus, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts." Because *Cole* "represent[s] the law of Florida" and no district court of appeal conflicts with *Cole*, Section 627.70152(3)(a) applies in a federal district court and requires dismissal of a property-insurance action filed without pre-suit notice.[4] Thus, Pearson's action, filed without pre-suit notice, warrants dismissal.

One wrinkle remains. In *Cole*, the trial court granted the insurer's motion to dismiss after the insured failed to afford pre-suit notice. Because the trial court dismissed the action before assessing the insured's entitlement to an attorney's fee, subsection (8), which prohibits the award of an attorney's fee in the absence of pre-suit notice, "w[as] not an issue." *Cole*, --- So. 3d ----, 2023 WL 3214643, at *4. In this action, the parties promptly moved to abate the action before Pearson responded to the

---

[4] No party contests application of Section 627.70152 in federal court. Although *Cole* concludes that subsection (3) is "procedural" and applies retroactively under Florida law, a pre-suit notice requirement is typically "substantive" under *Erie* and applies in a federal court exercising diversity jurisdiction. *Curry v. High Springs Fam. Prac. Clinic & Diagnosis Ctr. Inc.*, 2008 WL 5157683, at *9 (N.D. Fla. 2008). Although a statute's constituting both a procedural rule for retroactivity and a substantive rule for applicability in federal court might appear incongruous, a failure to apply the pre-suit notice requirement in federal court would foreseeably induce an insured to "forum shop" by suing in federal court without pre-suit notice in order to extract an attorney's fee. Because no federal rule is "on point" under *Hanna* and because a failure to apply the rule would promote forum shopping and the inequitable administration of law, the pre-suit notice requirement likely applies in federal court. In any event, the parties assume that subsection (3) applies in federal court, and this order will defer to that choice.

motion to dismiss. Accordingly, the abatement order denied "without prejudice" Scottsdale's motion to dismiss, which Scottsdale promptly renewed after Pearson demanded a fee. Unlike in *Cole*, in which the action was dismissed before the plaintiff could claim entitlement to an attorney's fee, Pearson has a basis to claim an attorney's fee — Scottsdale's post-suit payment. This order must determine whether Pearson is entitled to an attorney's fee even though Pearson's action is subject to dismissal without prejudice.

Section 627.428, Florida Statutes, awards an attorney's fee to a prevailing insured. Specifically, subsection (1) states, "upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any . . . insured, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation . . . ." By its terms, Section 627.428(1) conditions the award of an attorney's fee "upon the rendition of a judgment or decree . . . against the insurer."[5]

Although the parties have resolved the dispute and thus a judgment on the merits is unavailable, a plaintiff is nonetheless entitled to judgment if by resolving the dispute the defendant has confessed to judgment. A "confession of judgment," known at common law as a "confession *relicta verificatione*," occurs if "after pleading and before trial, the defendant abandoned his plea or other allegations; whereupon

---

[5] As explained in footnote one, the Florida legislature has since eliminated the entitlement to an attorney's fee in an action for breach of a property insurance policy but no party argues that this amendment applies "retroactively" to this action.

- 8 -

judgment was entered against him without proceeding to trial." *Information Buying Co. v. Miller*, 161 S.E. 617, 619 (Ga. 1931) (quoted approvingly by *Allstate Fire & Cas. Ins. Co. v. Castro*, 351 So. 3d 127 (Fla. 4th DCA 2022), *reh'g denied* (Dec. 21, 2022)). In an action for breach of an insurance policy, "the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard v. Lloyd's and Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983). Thus, a plaintiff is entitled to a confession of judgment "where the insurer has denied benefits the insured was entitled to, forcing the insured to file suit, resulting in the insurer's change of heart and payment before judgment." *Echo v. MGA Ins. Co., Inc.*, 157 So. 3d 507, 512 (Fla. 1st DCA 2015).

A confession of judgment, however, "is the substitute for verdict" and "is not the judgment of the court." *Castro*, 351 So. 3d at 131 (quoting *Whitley v. S. Wholesale Corp.*, 164 S.E. 903, 903 (Ga. 1932)). Accordingly, a confession becomes a judgment only upon entry of judgment by the court. *Castro*, 351 So. 3d at 131. For example, in *Garrido v. SafePoint Insurance Co.*, 347 So. 3d 108, 109–10 (Fla. 3rd DCA 2022), the insurer filed a "confession of judgment" and the insured moved for an attorney's fee. However, because the insured moved more than thirty days after the insurer's confession filing, the trial court denied the motion under Rule 1.525, Florida Rules of Civil Procedure, which requires a party to move for an attorney's fee within thirty days after judgment. On appeal, *Garrido* reasons that the announcement of a "confession of judgment" is not the "functional equivalent of a judgment" and thus fails to trigger the thirty-day deadline. *Garrido*, 347 So. 3d at 111. *Garrido* concludes that, in the

absence of either an order by the trial court directing entry of judgment by confession or a stipulation of dismissal by the parties, a filing of confession of judgment neither "conclude[s] the action" nor triggers entitlement to an attorney's fee. *Garrido*, 347 So. 3d at 112.

In this action, Pearson moves for an order finding that Scottsdale's post-suit payment constitutes a confession of judgment. But neither Scottsdale's payment nor Pearson's motion constitutes the functional equivalent of a judgment. *Garrido*, 347 So. 3d at 111. Accordingly, Pearson's entitlement to an attorney's fee requires an order entering judgment for Pearson. But because Scottsdale timely moved to dismiss for failure to comply with the pre-suit notice requirement and timely renewed the motion after the appraisal concluded, this action is subject to dismissal without prejudice. In the absence of a pending action, no jurisdiction remains to direct entry of a confessed judgment for Pearson. *Wilhelm v. Locklar*, 35 So. 6, 580–81 (Fla. 1903) (observing that no jurisdiction remains to enter a confessed judgment in the absence of a pending action).

To attempt to evade this consequence, Pearson might argue (but has not argued) that dismissing the action has the effect of retroactively applying subsection (8) (the rule forfeiting an attorney's fee in the absence of pre-suit notice) despite *Cole*'s recognition that subsection (8) is "substantive" and cannot apply retroactively. Not so. Because Pearson failed to comply with the pre-suit notice requirement, the action is subject to dismissal. Because the action is subject to dismissal, no jurisdiction remains to order entry of judgment, whether by confession or on the merits or

otherwise.  Because no jurisdiction remains to enter judgment, Pearson can obtain no "rendition of a judgment or decree" in this action.  And because Pearson can obtain no "rendition of a judgment or decree," Section 627.428(1) authorizes no attorney's fee.  That a party's failure to comply with a procedural requirement might have a "substantive" consequence should not surprise an informed observer.  Because the action is subject to dismissal, "[the] attorney's fees provision are not an issue in this case, and as such, not relevant to [this] determination."  *Cole*, --- So. 3d ----, 2023 WL 3214643, at *3.[6]

Scottsdale's motion for dismissal under 12(b)(6), renewed in Scottsdale's motion (Doc. 31) for summary judgment, is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE**.  Pearson's motion (Doc. 29) for entry of a confessed judgment and an attorney's fee is **DENIED AS MOOT**.  The clerk must enter judgment of dismissal without prejudice and close the case.

ORDERED in Tampa, Florida, on July 10, 2023.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[6] In any event, Scottsdale contends persuasively that, because Pearson sued before conclusion of the appraisal, which Pearson invoked before suing, Scottsdale's payment of the appraisal award amounts to no "confession of judgment." *See People's Trust Ins. Co. v. Farinato*, 315 So. 3d 724 (Fla. 3rd DCA 2021).